ROBERT J. REED, APPELLANT, v. R. W. CATLETT AND C. F. RENNER, RESPONDENTS.—68 S. W. (2d) 734.

Springfield Court of Appeals. February 20, 1934.

*Barney Reed* and *Harry Kay* for appellant.

110

*Haymes & Dickey* for respondent.

BAILEY, J.—This is a suit to enforce a certain written contract entered into between plaintiff and defendant by the terms of which plaintiff was to receive the sum of $2000 upon certain conditions therein expressed. The suit was first filed in February, 1931, and a demurrer was filed to plaintiff's petition and sustained. Thereafter plaintiff filed an amended petition to which a demurrer was likewise sustained on the ground that the petition failed to state facts sufficient to constitute a cause of action. Plaintiff refused to plead further and judgment of dismissal was accordingly rendered against him. He has appealed from that judgment.

The amended petition states that the Beacon Life Association of America is an assessment insurance association organized under the provisions of Article 3, Chapter 37, of the Revised Statutes of the

State of Missouri, 1929; that the charter of said association provides that the corporate powers of said association shall be vested in a board of directors consisting of seven members chosen by the corporators and shall serve during efficient, competent and good conduct in office; that the officers shall be elected by the board of directors; that the board of directors shall have power to fill all vacancies in the board or in the offices of the association by a majority vote and may also elect additional members to the board when deemed advisable; that said board, after due notice, might amend the articles by a majority vote.

The petition further states that at the time of the incorporation of said association there were twelve original corporators, each of whom advanced to said association the sum of $500 to meet the requirements of the laws of the State of Missouri, and to provide a working capital for said association; that, "subsequently the plaintiff purchased and acquired the interest and claims of two original corporators, thereby becoming the owner of an undivided one-sixth interest thereof; and thereupon plaintiff was regularly and legally elected a member of the board of directors of said association."

The petition further alleges that thereafter, in order to overcome alleged insolvence, it was deemed for the best interest of the association, to transfer the management of the association to men more experienced in the insurance business and thereupon defendants acquired all the interests of all the, "corporators and shareholders of said association except the interest and shares of plaintiff and thereby acquired control of said association;" that defendants advanced sufficient money to make the association solvent and thereafter agreed with plaintiff that his interest and "shares" in said association would be purchased by them for the sum and price of $2000 at such time as plaintiff or defendants might become dissatisfied with each other; that thereafter, in December, 1929, plaintiff was employed by defendants as agent field manager of said association for a term of twelve months ending on the 1st of January, 1930; that thereafter plaintiff and defendants entered into a written contract, in accordance with their prior verbal agreement, by the terms of which contract, it is alleged, "defendants agreed that if on January 1, 1931, he, plaintiff, was dissatisfied with his employment as agency field manager and solicitor for said association and if he thereafter tendered his resignation as a director of said association, first having given the defendants ten days written notice of his intention so to do, and if he should render to the defendants such assistance as he might be able to render them in electing such person to fill the vacancy caused by his resignation, they, the defendants, would pay to the plaintiff the sum of $2,000; that upon the payment of said sum of $2000 and the resignation of the plaintiff all the right, title and interest of plaintiff in the said association of whatever nature, except salary and commissions

which were due for past services, should automatically be transferred and assigned to the defendants.''

It is further alleged that plaintiff fulfilled all the terms of the contract, and on the 7th day of January, 1931, notified defendants that he was dissatisfied as agent field manager and desired to sever his connection with the association and that he was willing to assist defendants in electing such person to fill the vacancy caused by his resignation as would be satisfactory to them; that he stands ready to perform anything that might be required of him by the terms of said contract, but that defendants have failed and refused to pay plaintiff said sum of $2000. The contract was filed with the petition as Exhibit ''A,'' and provides substantially the terms pleaded.

Appellant takes the position that the petition does not show on its face that the contract sued on is void as against public policy and that therefore the demurrer to the petition should not have been sustained; that the court was in no position to determine whether the contract sued upon is against public policy until it heard the circumstances in connection with the making of the contract; that the contract, in providing that the appellant should use his influence in securing the election of any certain parties to offices in the association, does not show a fraudulent intent, violates no statute and the question of whether or not the contract was fraudulent depends entirely upon the facts which might be put in evidence.

Respondents, on the other hand, take the view that since this is an assessment company organized under the provisions of Article 3, Chapter 37, Revised Statutes 1929, it is a mutual association without capital stock, and being such an association, neither an organizer nor a director has any interest which could be the subject of barter or sale and that therefore a contract to sell a purported interest in such a company would be without consideration and void; furthermore, that since directors of a corporation occupy positions of trust and confidence, any contract which is antagonistic to their free and impartial discharge of official duties is denounced by law, and that a contract to resign as director and help elect another party to fill the vacancy, for a money consideration, is against public policy and for that reason void and nonenforceable.

For the purpose of deciding these questions the allegations of the petition must be taken as true and the petition should be viewed in its most favorable light. We shall consider first whether or not there was any consideration for the contract to pay plaintiff $2000 for his alleged interest in the association. There can be no doubt that if plaintiff had no property interest in the association there would be a total failure of consideration and the agreement to sell such interest would be void. The petition alleges that the Beacon Life Association was organized under and by virtue of the provisions of Article 3, Chapter 37, Revised Statutes 1929. It was therefore an association

without capital stock, mutual in character and authorized to do business upon the assessment plan. The purpose of such an association is to protect its members, the benefits being paid out of assessments upon all persons holding similar contracts. The element of profit to the members, except the benefits received, does not enter into the forming of insurance companies upon the assessment plan as contemplated and provided by the law under which the Beacon Life Association was organized. The history of such associations clearly indicates that to be true. [See Aloe v. Fidelity Life Association, 164 Mo. 675.] It therefore follows that no person could own stock, or hold an interest of value in such an association other than their membership therein, and there is no such stock or interest that might be subject to sale. A contract to sell an alleged interest or stock in an insurance company of the kind and character here under consideration, would therefore be without consideration and nonenforceable. [Sauerhering v. Rueping (Wis.), 119 N. W. 184.]

We do not intend to held that a member might not have a legitimate claim against such an association for money advanced or loaned which could be assigned, but that is not this case. This is a suit on a written contract for an ageed price for the alleged stock of plaintiff in the association and there is no allegation that plaintiff has any claim whatever against the company.

The contract of sale sued on also contained a provision, as alleged, to the effect that if plaintiff resigned from the association he would render to the defendants such assistance as he might be able to render them in electing such person as they might desire to fill the vacancy caused by his resignation. Such a contract tends to interfere with the freedom of action of the director or directors who occupy a position of trust as to other members of the association and is therefore *contra bonos mores*, against public policy and void. [Attaway v. Third National Bank of St. Louis, 93 Mo. 485; Forbes et al. v. McDonald, 54 Calif. 98; Sauerhering v. Rueping, supra.]

The contract sued upon in this case is void and nonenforceable. We do not consider the case of Lackey v. Wilder, 33 S. W. (2d) 1011, relied upon by plaintiff, in point on the facts or the principle of law involved. In that case no position of trust was involved and the right to recover the contract price was not dependent upon the fulfillment of an agreement against public policy as in this case. We think the trial court was correct in sustaining the demurrer to the petition and the judgment should be affirmed. It is so ordered. *Allen, P. J.,* and *Smith, J.,* concur.